IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE BARTOSEK,<br>    Petitioner,<br><br>       vs.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br>    Respondent. | )<br>)<br>)     C.A. No. 04-113Erie<br>)     District Judge McLaughlin<br>)     Magistrate Judge Baxter<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of mandamus be denied.

**II.    REPORT**

This is a petition for writ of mandamus, pursuant to 28 U.S.C. § 1361, filed by a state prisoner presently incarcerated at the State Correctional Institution at Rockview, in the Western District of Pennsylvania.

In his petition, Petitioner seeks an order of this Court directing the Court of Common Pleas of Erie County provide him with records relating to his criminal case and the Erie County Prison to provide him with his inmate file and misconduct record.  The specific relief which Petitioner requests is that this Court issue an order "compelling the Common Pleas Court of Erie County and Erie County Prison to generate the transcripts and all other records mentioned herein, to included the pre-sentence investigation report , and discovery.  The Erie County Prison to generate inmate file and misconduct record."  Document # 3.

Mandamus is a "drastic remedy that 'is seldom issued and [] is discouraged.'"  In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000).   Petitioners must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable.'"  Mallard v. United States

District Court for the Southern District of Iowa, 490 U.S. 296, 309 (1989).

Section 1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Id.  Federal courts have no authority to issue a writ of mandamus to state officers or private citizens under this provision.  See, e.g., Cochran v. Municipal Court of City of Barberton, Summit County, 91 Fed.Appx. 365, 2003 WL 23095546 (6th Cir. 2003) (federal district court could not compel state officials to follow state law, and thus, federal district court properly dismissed citizen's civil rights claim for writ of mandamus in which citizen sought to compel state court to render decisions on citizen's post-conviction motions in citizen's littering conviction); U. S. ex rel. Chapman v. Supreme Court of Pa., 151 F.Supp. 681 (W.D. Pa. 1957) (federal court is without authority to issue writ of mandamus against state officers in exercise of their discretionary duties); Cave v. Beame, 433 F.Supp. 172 (E.D.N.Y. 1977) (action under this section did not lie against state and city defendants, since terms of section limited availability of federal mandamus relief to officers or employees of United States or its agencies); Harris v. Department of Corrections, 426 F.Supp. 350 (W.D.Okla. 1977) (federal district court did not have jurisdiction to compel the State of Oklahoma or its officers to perform any duty which they might have under state law).[1]

Therefore, the petition for writ of mandamus should be denied.

### III.    CONCLUSION

It is respectfully recommended that the petition for writ of mandamus be denied.

In accordance with the Magistrate Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the

---

[1] This Court notes that Respondent has provided evidence that Petitioner has already been provided with all documents relating to the appeal of his criminal case (which were previously ordered by Judge Anthony of the Erie County Court of Common Pleas).  See Document # 6, Exhibit C.

objections shall have seven days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: September 13, 2005